# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JAMES SELLARD,** : | |
|     Petitioner, : | |
| : | |
| v. : | Civ. No. 19-1566 |
| : | |
| **S.C.I. BENNER TOWNSHIP,** : | |
|     Respondent. : | |

## ORDER

*Pro se* Habeas Petitioner James Sellard was sentenced to two concurrent life sentences for his 2014 state court convictions for possession of child pornography. (Doc. No. 12-2.) Under Pennsylvania law, a life sentence is mandatory "[w]here the [Defendant] had at the time of the commission of the current offense previously been convicted of two or more offenses arising from separate criminal transactions set forth in [Pennsylvania's violent sex offender statutes] or equivalent crimes under the laws of this Commonwealth in effect at the time of the commission of the offense or equivalent crimes in another jurisdiction." 42 Pa. C.S.A. § 9718.2(a)(2). Because Sellard met this standard, he received concurrent mandatory life sentences. (Doc. No. 12-2.)

Although Sellard has been released on parole, I will nevertheless address his Petition. Jones v. Cunningham, 371 U.S. 236, 243 (1963) (release on parole does not moot habeas petition); Piasecki v. Court of Common Pleas, Bucks Cty., PA, 917 F.3d 161, 170 (3d Cir.), cert. denied sub nom. Court of Common Pleas of Pennsylvania v. Piasecki, 140 S. Ct. 482 (2019) (habeas applies to sex offender registration requirements).

Sellard first appealed his sentence in November, 2014. (Doc. No. 12-2.) On appeal, he challenged the trial court's denial of a pre-trial Motion to Suppress, where he had sought to exclude evidence of his activities on a peer-to-peer computer network. (Id.) The Superior Court quashed Sellard's appeal, ruling that he had waived this issue. (Id.) In September, 2015, Sellard filed a

*pro se* PRCA petition, and was subsequently appointed counsel. (Doc. No. 12-3.) He argued that his trial counsel had ineffectively failed to preserve his challenges to the subpoena of his internet activities. (Id.) He also attacked his appellate counsel for failing to raise trial counsel's ineffectiveness. (Id.) The PCRA Court denied Sellard's claims as meritless. (Id.)

On March 20, 2019, Sellard filed the instant Petition. He argues that (1) the trial court erred in denying his Motion to Suppress; and (2) his sentence is an illegal mandatory sentence. (Doc. No. 1.) I referred this matter to Judge Stawbridge, who recommended dismissing the Petition with prejudice. (Doc. Nos. 6, 13.) Sellard has filed no objections. I will adopt Judge Stawbridge's Report and Recommendation.

**Discussion**

**The Suppression Claim**

Sellard first argues that the court erred in denying his Motion to Suppress evidence obtained from his computer. (Doc. No. 1.) I agree with Judge Strawbridge that this claim is procedurally barred. A federal court may not grant habeas relief from a state court decision that rests on "independent and adequate state law." Walker v. Martin, 562 U.S. 307, 315 (2011). Here the Pennsylvania Superior Court ruled that under state law Sellard's suppression argument was waived. (See Doc. No. 12-2.) The court's ruling thus rests on an independent and adequate state grounds. See Walker, 562 U.S. at 316 ("[F]ederal habeas relief will be unavailable when (1)…the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds.") (quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991) (internal quotation marks omitted).

I thus agree with Judge Strawbridge that Sellard's suppression claim is procedurally barred.

**The Mandatory Life Sentence**

Sellard next argues that "[m]andatory sentencing has been ruled unconstitutional." I again agree with Judge Strawbridge that this claim is procedurally defaulted. Because Sellard did not raise this claim in state court, it is now time-barred. (See Doc. Nos. 1, 12-2); Coleman v. Thompson, 501 U.S. 722, 749 (1991). Sellard may raise the defaulted claim now only if he can "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" in the presentation of the claim to the state court. Murray v. Carrier, 477 U.S. 478, 488 (1986). Sellard makes no such showing.

Accordingly, I will deny his challenge to his mandatory minimum sentence as procedurally defaulted.

**AND NOW**, this 27th day of July, 2020, upon careful and independent consideration of the Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1), and after review of the Magistrate Judge's Report and Recommendation (Doc. No. 13), to which no objections have been filed, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 13) is **APPROVED and ADOPTED**.
2. The Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED**.
3. There is no basis to issue a certificate of appealability.
4. The **CLERK OF COURT** shall **CLOSE** this case.

                        **IT IS SO ORDERED.**

                        */s/ Paul S. Diamond*

                        _____
                        **Paul S. Diamond, J.**